IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

NURBANU E. AKKAN,

    Plaintiff,

v.

NATIONSTAR MORTGAGE, LLC,

    Defendant.

CIVIL ACTION NO.
1:16-CV-1999-WSD-LTW

## MAGISTRATE JUDGE'S FINAL REPORT AND RECOMMENDATION

This case is presently before the Court on Defendant Nationstar Mortgage, LLC's ("Defendant") Motion to Dismiss Plaintiff's Verified Complaint. ("Motion to Dismiss," Doc. 3) and Defendant's Motion for Leave to File Amendment to Notice of Removal (Doc. 11). For the reasons outlined below, Defendant's Motion to File Amendment to Notice of Removal, which is unopposed, is **GRANTED**. (Doc. 11). Nevertheless, Plaintiff's lawsuit should be remanded to the Superior Court of Cobb County because Defendant has failed to demonstrate that the Court has diversity jurisdiction over it. Additionally, this Court **RECOMMENDS** that Defendant's Motion to Dismiss should be **DEFERRED** to the Superior Court of Cobb County. (Doc. 3).

## DEFENDANT'S MOTION FOR LEAVE TO FILE AMENDMENT TO NOTICE OF REMOVAL

Defendant removed the instant lawsuit from the Superior Court of Cobb County on June 15, 2016. (Doc. 1). On August 18, 2016, this Court observed that although

Defendant identified diversity as the basis for removal jurisdiction over Plaintiff's lawsuit, Defendant's Notice of Removal did not contain sufficient factual allegations to demonstrate diversity of citizenship between Plaintiff and Defendant.  This Court observed that the Notice of Removal failed to demonstrate the citizenship of Defendant, which is a limited liability company ("LLC"), because the Notice failed to identify the citizenship of each of the members of the LLC.  (Doc. 10).  This Court also explained that the Notice of Removal did not adequately allege Plaintiff's citizenship because while the Notice of Removal mentioned his residence in Georgia, it did not indicate his domicile.  As indicated in this Court's August 18, 2016 Order, residence alone is not enough to establish domicile.  Travaglio v. Am. Exp. Co., 735 F.3d 1266, 1269 (11th Cir. 2013); see also Drew v. Safeco. Ins. Co., 578 F. App'x 954, 956 (11th Cir. 2014) (discussing defect in notice of removal which only indicated the plaintiff's residence and not the plaintiff's citizenship).  In order to show the domicile of an individual for purposes of demonstrating diversity of citizenship, Defendant must show the plaintiff's residency and the plaintiff's intention to remain there indefinitely.  Travaglio, 735 F.3d at 1269 (quoting McCormick v. Aderholt, 293 F.3d 1254, 1257-58 (11th cir. 2002); 13E Charles Alan Wright & Arthur R. Miller, Fed. Practice & Procedure § 3612 (3d ed. 2016) (explaining that factors frequently taken into account when determining an individual's domicile "include: the party's current residence; voter registration and voting practices; situs of personal and real property; location of brokerage and bank accounts; membership in unions, fraternal organizations, churches, clubs, and other

associations; place of employment or business; driver's license and automobile registration; payment of taxes; as well as several other aspects of human life and activity"). Because the original Notice of Removal contained no factual allegations relating to Plaintiff's intention to remain in Georgia, the Notice of Removal did not establish Plaintiff's citizenship in Georgia. Thus, this Court Ordered Defendant to file an amended notice of removal properly alleging Plaintiff's and Defendant's citizenship on or before August 31, 2016.

On August 31, 2016, Defendant filed its Motion for Leave to File Amendment to Notice of Removal. (Doc. 11). In Defendant's Motion, Defendant attached a proposed Amendment to the Notice of Removal which included more facts demonstrating the citizenship of Defendant, but did not rectify the defective allegations of Plaintiff's citizenship identified by this Court's August 18, 2016 Order. The Amended Notice of Removal simply noted once again that Plaintiff is a resident of Cobb County, Georgia. Because the Amended Notice of Removal does not include any facts tending to show that Plaintiff has an intent to remain in Georgia, the Amended Notice of Removal does not demonstrate Plaintiff's citizenship in Georgia. The party invoking the court's jurisdiction bears the burden of proving, by a preponderance of the evidence, facts supporting the existence of federal jurisdiction, and when the case is removed on the basis of diversity jurisdiction, the removing party has the burden of establishing the citizenship of the parties. Rolling Greens MHP, L.P., 374 F.3d 1020, 1022 (11th Cir. 2004); McCormick, 293 F.3d at 1257; 1022. Even though Defendant has been given

3

an opportunity to demonstrate Plaintiff's citizenship, Defendant has not met its burden of establishing Plaintiff's citizenship. When a case is removed based on diversity jurisdiction, the case must be remanded if it is not shown that there is complete diversity of the parties. Stillwell v. Allstate Ins. Co., 663 F.3d 1329, 1332 (11th Cir. 2011); Rolling Greens MHP, 374 F.3d at 1022 (remanding removed case to district court to determine the citizenship of the parties because the removing party failed to adequately allege the citizenship of both the plaintiff and defendant and instructing district court that if defendant fails to meet its burden with respect to establishing diversity of citizenship, the district court should remand the case to state court for want of federal jurisdiction). Because Defendant has not demonstrated the diversity of citizenship between the parties after having been given an opportunity to do so, this Court cannot conclude that diversity jurisdiction exists and **RECOMMENDS** that this case be **REMANDED** to the Superior Court of Cobb County. Crist v. Carnival Corp., 410 F. App'x 197, 200 (11th Cir. 2010) (per curiam) ("The allegation that Crist is a 'resident' of Florida is insufficient for diversity jurisdiction purposes because residency is not the equivalent of citizenship."); Beavers v. A.O. Smith Elec. Prods. Co., 265 F. App'x 772, 778 (11th Cir. 2008) ("The plaintiffs' complaint alleges only the residence of the nearly 100 plaintiffs, not their states of citizenship. Because the plaintiffs have the burden to affirmatively allege facts demonstrating the existence of jurisdiction and failed to allege the citizenship of the individual plaintiffs, the district court lacked subject matter jurisdiction on the face of the complaint."); Nichols v. WBX Transp., No. 1:15-CV-202-

AO 72A
(Rev.8/82)

WSD, 2015 WL 5009002, at *2 (N.D. Ga. Aug. 19, 2015) (granting motion to remand because defendants' removal papers did not properly allege the citizenship of a defendant where they alleged the defendant's residency without discussing defendant's domicile); Wilson v. CitiMortgage, No. 5:13-CV-02294-ODW (SPx), 2013 WL 6871822, *1 (C.D. Cal. 2013) (concluding that "mere residence allegations are insufficient to establish citizenship on removal in light of the strong presumption against removal jurisdiction" and remanding case to superior court).

## CONCLUSION

Based on the foregoing reasons, Defendant's Motion to File Amendment to Notice of Removal, which is unopposed, is **GRANTED**. (Doc. 11). Additionally, this Court **RECOMMENDS** that this case be **REMANDED** to the Superior Court of Cobb County and that Defendant's Motion to Dismiss should be **DEFERRED** to the Superior Court of Cobb County. (Doc. 3). As this is a final Report and Recommendation and there are no other matters pending before this Court, the Clerk is directed to terminate the reference to the undersigned.

**SO ORDERED AND REPORTED AND RECOMMENDED**, this  16  day of November, 2016.

/s/LINDA T. WALKER
LINDA T. WALKER
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev.8/82)