### IN THE UNITED STATES DISTRICT COURT
### FOR THE NORTHERN DISTRICT OF GEORGIA
### ATLANTA DIVISION

NURBANU E. AKKAN,

        Plaintiff,

    v.

NATIONSTAR MORTGAGE, LLC,

        Defendant.

1:16-cv-1999-WSD

### OPINION AND ORDER

This matter is before the Court on Defendant Nationstar Mortgage, LLC's ("Nationstar" or "Defendant") and Plaintiff Nurbanu E. Akkan's ("Plaintiff") Objections[1] [14, 15] to Magistrate Judge Linda T. Walker's Final Report and Recommendation ("R&R") [12], which recommends remanding this action to the Superior Court of Cobb County.

### I.     BACKGROUND

On May 12, 2016, Plaintiff, proceeding *pro se*, filed her "Verified Complaint" ("Complaint") in the Superior Court of Cobb County, Georgia.[2]  (See

---

[1]     On December 12, 2016, Plaintiff filed her "Motion to Vacate Recommendation and Judgment and Objection to Motion to Dismiss," [15] which the Court construes as Plaintiff's Objections to the R&R.

[2]     No. 16-1-3797.

Ex. A [1.1] at 2).  Plaintiff appears to assert claims for wrongful foreclosure, fraud, and preliminary injunctive relief against Defendant.  Plaintiff "demands judgment against Defendant for the wrongful institution of non-judicial foreclosure proceedings . . . ."  (Compl. at 20).

On June 15, 2016, Nationstar removed [1] the Cobb County action to this Court based on diversity of citizenship pursuant to 28 U.S.C. § 1332.[3]

Nationstar, in its Notice of Removal, asserts that the members of Nationstar are Nationstar Sub 1 LLC ("Sub1") and Nationstar Sub 2 LLC ("Sub2"), and that the sole member of Sub1 and Sub2 is Nationstar Mortgage Holdings, Inc. ("NSM Holdings, Inc.").  (See Notice of Removal [1] at 2-3).  Nationstar also asserts that NSM Holdings, Inc. is incorporated in Delaware and has its principal place of business in Texas.  (Id.).  NSM Holdings, Inc. is therefore a citizen of Delaware and Texas.  Because Nationstar's members are citizens of Delaware and Texas, Nationstar is also a citizen of Delaware and Texas.[4]  Nationstar asserts further that "[u]pon information and belief, and based on the allegations in the Complaint, Plaintiff is a resident of Cobb County, Georgia."  (Id. at 2).

---

[3]   Plaintiff's Complaint raises only questions of state law and the Court only could have diversity jurisdiction over this matter.

[4]   See Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C., 374 F.3d 1020, 1022 (11th Cir. 2004).

Because the Notice of Removal failed to properly allege the citizenship of Plaintiff, on August 18, 2016, the Magistrate Judge issued an Order [10] directing Defendant to file, on or before August 31, 2016, an amended Notice of Removal to properly allege the parties' citizenship.

On August 31, 2016, Nationstar filed its Amended Notice of Removal [11]. Defendant asserts, for the second time, that "[b]ased on the allegations of the Complaint, Plaintiff is a *resident* of Cobb County, Georgia." (See Amended Notice of Removal [11.1] at 3) (emphasis added).

On November 16, 2016, Magistrate Judge Walker issued her R&R.  Having reviewed Defendant's Amended Notice of Removal, the Magistrate Judge found that Defendant failed to allege any facts to determine Plaintiff's citizenship and that Nationstar's allegation that Plaintiff is a resident of Cobb County, Georgia, was insufficient to show Plaintiff's citizenship.  Because Defendant's Amended Notice of Removal, like its original Notice of Removal, failed to allege any facts "tending to show that Plaintiff has an intent to remain in Georgia," (R&R at 3) the Magistrate Judge determined that Nationstar failed to meet its burden to show complete diversity because Defendant did not properly allege the citizenship of Plaintiff.  The Magistrate Judge concluded that the Court does not have diversity jurisdiction over this matter and recommended that this case be remanded to the

3

state court for lack of subject matter jurisdiction.

On November 30, 2016, and on December 2, 2016, respectively, Defendant and Plaintiff filed their Objections to the R&R.

## II.    DISCUSSION

A.    Legal Standard

After conducting a careful and complete review of the findings and recommendations, a district judge may accept, reject or modify a magistrate judge's report and recommendation.  28 U.S.C. § 636(b)(1); Williams v. Wainwright, 681 F.2d 732, 732 (11th Cir. 1982), cert. denied, 459 U.S. 1112 (1983).  A district judge "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made."  28 U.S.C. § 636(b)(1).  With respect to those findings and recommendations to which objections have not been asserted, the Court must conduct a plain error review of the record.  United States v. Slay, 714 F.2d 1093, 1095 (11th Cir. 1983).

Plaintiff's Objections are conclusory and do not address the Magistrate Judge's reasons for recommending remand.[5]  These are not valid objections and

---

[5]    For example, Plaintiff asserts that she "trusts that the Judge, having carefully surveyed Plaintiff's Complaint, Exhibits and other Motions, will fulfill what is

the Court will not consider them.  See Marsden v. Moore, 847 F.2d 1536, 1548 (11th Cir. 1988) ("Parties filing objections to a magistrate's report and recommendation must specifically identify those findings objected to.  Frivolous, conclusive, or general objections need not be considered by the district court."). Defendant objects to the Magistrate Judge's conclusion that the Court lacks diversity jurisdiction over this matter, and the Court reviews this conclusion *de novo*.

     B.    <u>Analysis</u>

 28 U.S.C. § 1441(a) provides that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant."  The Court's jurisdiction in this case is premised on diversity of citizenship, which authorizes federal jurisdiction over an action in which the amount in controversy exceeds $75,000.00, and is between citizens of different states.  28 U.S.C. § 1332(a)(1).[6]  In removed cases, the removing defendant has the burden to establish the existence of diversity jurisdiction.  <u>See Williams v. Best Buy Co.</u>, 269 F.3d 1316, 1319 (11th Cir. 2001).  "Diversity jurisdiction, as a general rule, requires complete diversity—every plaintiff must be

---

lawful and just and stand with the Court of Common Law Justice as a duly sworn Public Officer and let the Plaintiff have her day in court."  (Obj. at 2).

[6]    It is undisputed that the jurisdictional amount in controversy is satisfied.

diverse from every defendant." <u>Palmer Hosp. Auth. of Randolph Cnty.</u>, 22 F.3d 1559, 1564 (11th Cir. 1994).

Defendant argues that the Court lacks authority to *sua sponte* remand this action to state court because "the allegations in Plaintiff's Complaint sufficiently establish [s]he is a Georgia citizen." (Obj. at 6). Nationstar, in both its Notice of Removal and Amended Notice of Removal, asserts that "[u]pon information and belief, and based on the allegations in the Complaint, Plaintiff is a *resident* of Cobb County, Georgia." (<u>See</u> Notice of Removal [1] at 2; <u>see also</u> Amended Notice of Removal [11.1] at 3) (emphasis added). This allegation is insufficient because Defendant is required to show Plaintiff's *citizenship*, not residence. <u>See</u> <u>Travaglio v. American Exp. Co.</u>, 735 F.3d 1266, 1269 (11th Cir. 2013) ("Residence alone is not enough."); <u>Taylor v. Appleton</u>, 30 F.3d 1365, 1367 (11th Cir. 1994) ("Citizenship, *not residence*, is the key fact that must be alleged in the complaint to establish diversity for a natural person."). For United States citizens, "[c]itizenship is equivalent to 'domicile' for purposes of diversity jurisdiction," and "domicile requires both residence in a state and 'an intention to remain there indefinitely.'" <u>Id.</u> (quoting <u>McCormick v. Aderholt</u>, 293 F.3d 1254, 1257-58 (11th Cir. 2002)). Nationstar has not alleged any facts in its Amended Notice of Removal to show

Plaintiff's citizenship, and the Court is thus unable to determine if "every plaintiff [is] diverse from every defendant."  See Palmer, 22 F.3d at 1564.

"If a party fails to specifically allege citizenship in their notice of removal, the district court should allow that party 'to cure the omission', as authorized by § 1653."[7] Corp. Mgmt. Advisors, Inc. v. Artjen Complexus, Inc., 561 F.3d 1294, 1297 (11th Cir. 2009) (quoting D.J. McDuffie, Inc. v. Old Reliable Fire Ins. Co., 608 F.2d 145, 146-47 (5th Cir. 1979)).  Here, Defendant has had ample opportunity to cure its omission and establish that removal is appropriate.  Because Defendant's original Notice of Removal did not establish Plaintiff's citizenship, the Court provided Defendant with an opportunity to cure this jurisdictional defect by ordering Defendant to "file an amended notice of removal properly alleging [the parties' citizenship] on or before August 31, 2016."  (See August 18, 2016, Order [10] at 6).  After the Court allowed Defendant a second opportunity to demonstrate Plaintiff's citizenship, Nationstar, in its Amended Notice of Removal, continues to rely on its allegation that Plaintiff is a resident of Georgia.  (See Amended Notice of Removal [11.1] at 3).  "While such an averment as to residency, of course, is not conclusive proof of *citizenship* . . . any qualms the district court may have had

---

[7]    28 U.S.C. § 1653 provides that "[d]efective allegations of jurisdiction may be amended, upon terms, in the trial or appellate courts."

concerning the distinction between the two are best addressed by allowing [Defendant] to amend the removal petition to cure the defect under 28 U.S.C.§1653." In re Allstate Ins. Co., 8 F.3d 219, 222 at n. 4 (5th Cir. 1993).  This Court allowed Defendant an opportunity to amend its Notice of Removal, and Defendant failed to cure the defect.  The Court will not grant Defendant another bite at the apple.[8]  See Watson v. Carnival Corp., 436 F. App'x 954, 955 (11th Cir. 2011) (finding defendant "should not have a second bite at the apple, particularly because it offered no new evidence supporting removal"); see also Kozel v. Kozel, No. 8:16-cv-1384-T-36TGW, 2016 WL 4163562, at * 8 (M.D. Fla. Aug. 4, 2016)

---

[8]     To the extent Defendant relies on the Eleventh Circuit's decision in Artjen to argue that Nationstar's failure to allege Plaintiff's citizenship "constitutes a procedural, rather than jurisdictional, defect," and thus the Court cannot remand this action *sua sponte*, Defendants' reliance on Artjen is misplaced.  See Artjen, 561 F.3d at 1297 ("[Defendant's] failure to allege, in its notice of removal, the plaintiff's citizenship at the time the original petition was filed constitutes a procedural, rather than a jurisdictional, defect; although [Defendant] failed conclusively to *demonstrate* diversity, the record discloses no dispute that it in fact *existed*.").  In Artjen, the Eleventh Circuit held that a district court's *sua sponte* remand was improper because a court should allow a party to cure a failure to specifically allege citizenship in the notice of removal.  Id.  Here, the Court allowed Defendant to cure its failure to specifically allege Plaintiff's citizenship in its Notice of Removal by ordering Defendant to file an Amended Notice of Removal.  The Eleventh Circuit also found that remand was improper because "the record disclos[ed] no dispute that [diversity] existed."  Id.  Contrary to Defendant's contentions, it is not clear that diversity in fact exists because Nationstar does not allege any facts to demonstrate Plaintiff's citizenship in Georgia.  Defendant's objection on this ground is overruled.

8

("[T]he Court considered the merits of Defendant's Amended Notice of Removal and it did not cure the defects in the original.  Thus, remand is required.").

Because Defendant fails to meet its burden to show that the parties are completely diverse, the Court lacks subject matter jurisdiction, and this action is required to be remanded.  See 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.").  Defendant's Objections are overruled.[9]

## III.   CONCLUSION

For the foregoing reasons, and finding no plain error in the findings and conclusions  in the R&R to which no objection was made,

**IT IS HEREBY ORDERED** that the parties' Objections [14, 15] are **OVERRULED**.

**IT IS FURTHER ORDERED** that Magistrate Judge Linda T. Walker's Final Report and Recommendation [12] is **ADOPTED**.

**IT IS FURTHER ORDERED** that this action be **REMANDED** to the Superior Court of Cobb County, Georgia.

---

[9]   On June 16, 2016, Nationstar filed its Motion to Dismiss [3].  Because the Court dismisses this action *sua sponte* for lack of subject-matter jurisdiction, the Court does not reach the merits of Defendant's Motion to Dismiss and it is denied as moot.

**IT IS FURTHER ORDERED** that Defendant's Motion to Dismiss [3] is **DENIED AS MOOT**.

**SO ORDERED** this 27th day of January, 2017.

WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE